MILPRINT, INC., RESPONDENT, v. MACLEOD LABORA-
TORIES, APPELLANT.

Argued October 7, 1941—Decided November 19, 1941.

Before Justices PARKER, DONGES and COLIE.

For the appellant, *Wilfred B. Wolcott.*

For the respondent, *Alexander Denbo.*

PER CURIAM.

The suit is to recover the agreed price of certain cellophane wrappers manufactured by plaintiff for defendant, and to conform to sample sketch submitted by defendant. The latter refused to accept them or pay for them, and the question of fact at the trial was whether the wrappers as made were in accordance with the sketch and specifications. The trial court, sitting without jury, found as a fact that the wrappers as made and shipped, conformed to the requirements, and gave judgment for the plaintiff. Defendant appeals.

Rule 145 of this court requires the filing with the clerk of "a brief specification of the determinations or directions of the district court with respect to which [appellant] is dissatisfied in point of law," and that "the appeal should be heard and determined solely upon the points of law so specified." We find in the printed case four "grounds of appeal;" and in typewriting a "specification of determinations" in four paragraphs, substantially identical with those in point. The first is that plaintiff failed to prove its book account by competent legal proof. As to this, it suffices to say there was no objection to it, and consequently no error. The second is in substance, that a finding of fact by the court that the articles furnished were similar to the sample did not warrant a verdict in favor of the plaintiff. This does not point to any judicial action as erroneous. The third reads as follows: "3. The defendant-appellant made known to the plaintiff below the particular purposes for which the goods were required, and relied upon the seller's skill in producing the same. The goods as furnished by the plaintiff-appellee were not reasonably fit for the purposes for which they were to be used, and the defendant-appellant was under no obligation to accept and pay for the same. "The court below found that the wrappers furnished were similar to the sketch submitted

by the plaintiff-appellee, but this was not a determination that the goods were reasonably fit for the purpose for which they were to be used, and there should have been a verdict of no cause of action."

However, we cannot find that the court was asked to find for appellant on any such ground. On the contrary, the state of the case informs us that "both sides rested and submitted the case without argument."

The fourth specification is: "4. The goods furnished by the plaintiff-appellee to the defendant-appellant were defective, and were admitted by the plaintiff-appellee to be defective. In view of this fact, the defendant-appellant was not required to retain and pay for the goods, and the verdict of the court below in favor of the plaintiff-appellee was erroneous, and there should have been a verdict of no cause of action."

Here again we fail to find that appellant moved for judgment on any such ground.

The case was essentially one of fact, and determined as such. Several matters of law are argued, as, for example, that certain depositions taken *de bene esse* out of the state were unavailable because not "offered in evidence," but as the point was apparently not raised at the trial and is not raised by any specification of error, it needs no discussion, though we may observe that as we view the matter, oral testimony set down on paper *de bene esse* and filed in the court where the action is pending is not a document to be formally offered and marked as an exhibit at the trial, so much as testimony to be read at the trial so far as relevant and competent, as though the witness were present in court. *Wallace, Muller & Co.* v. *Leber & Meyer,* 69 *N. J. L.* 312, 321.

The judgment will be affirmed.